Dear Chief Wales:
Your request for an opinion concerning public records has been forwarded to me for research and reply. You have asked separate questions, and each will be addressed independently. You asked:
 1. Does custody of a record ever leave the original investigating agency?
Custodian is defined by La. R.S. 44:1 as "the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records." Custody or control as used in La. R.S. 44:1 contemplates physical custody or control. If the public record is in the physical custody or control of the Zachary Police Department, the Zachary Police Department is obliged under La. R.S. 44:32 to present the record, upon request, to a qualified person. A qualified person is defined by La. R.S. 44:31 as "any person of the age of majority."
Public records are original records and copies of those records. When a proper request is made, the Zachary Police Department must disclose the public records in its physical possession, even if they are copies of records as opposed to originals.
When a public record is requested by a qualified person, but the public record is not in the custody or control of the Zachary Police Department, La. R.S. 44:34 is controlling. La. R.S. 44:34
requires any person receiving such a request to promptly certify, in writing, that the record is not in his custody or control and, to the best of his knowledge, "the reason for the absence of the record from his custody or control, its location, what person then has custody of the record and the manner and method in which, and the exact time at which it was taken from his custody or control." The certificate shall also include detailed answers to any questions of the applicant which may facilitate the applicant's right to view public records. See
La. R.S. 44:34.
 2. Is it ever legal to release the name of a juvenile victim or offender to any other than a peace officer, probation officer, district attorney, or employee of the division of children, youth and family services, or office of juvenile services? If so, when?
The release of records pertaining to juvenile offenders is governed by Louisiana Children's Code Article 412. La. Ch. C. Art.412 authorizes the release of juvenile offender records as public records under the following circumstances. First, the name, age, and crime for which a child is charged may be released when:
 a child has been taken into custody, pursuant to Articles 812 through 814 of this Code, a court of competent jurisdiction has made a pretrial determination regarding the probity of the evidence and the basis of probable cause, and there is probable cause to believe either of the following:
 (a) That the alleged delinquent act committed by the child would be considered a crime of violence as defined in R.S. 14:2(13).
 (b) That the alleged delinquent act would be a second or subsequent felony-grade adjudication for the alleged offender.
See La. Ch. C. Art. 412(A)(1).
Second, all juvenile records of traffic violation proceedings pursuant to Title IX of the Louisiana Children's Code shall be open to public inspection. See La. Ch. C. Art. 412(B)(3). Third, after the entire appeal process is exhausted, the district attorney shall release the name of a juvenile adjudicated delinquent for committing first degree murder, second degree murder, aggravated rape, armed robbery, aggravated burglary, and aggravated kidnapping. See La. Ch. C. Art. 412(I). Fourth, La. Ch. C. Art. 412(J) authorizes any law enforcement agency to publicly disseminate identifying information of a juvenile wanted for the commission of a felony-grade delinquent act involving an offense against the person or involving a dangerous weapon. The identifying information, such as the juvenile's name or alias, address, social security number, driver's license number, physical description, age, or photograph, may be released in a manner calculated to assist such agency in locating the absent juvenile. Beyond these exceptions, La. Ch. C. Art. 412 allows disclosure only to specifically listed people or agencies, for statistical purposes, or by court order.
The release of information pertaining to juvenile victims is not treated differently than the release of information pertaining to adult victims. La. Ch. C. Art. 412 makes no reference to juvenile victims. Also, juvenile victims are not in any exception listed under La. R.S. 44:3, pertaining to records of prosecutive, investigative, and law enforcement agencies. Records of juvenile victims are to be treated the same as records of adult victims. Notably, La. R.S. 44:3(A)(4)(d) provides that information which would reveal the identity of a victim of a sexual offense is not a matter of public record regardless of whether the victim is an adult or a juvenile.
 3. How long are law enforcement agencies required to keep records on file?
La. R.S. 44:36 provides that public records shall be kept in accordance with a retention schedule developed and approved by the state archivist and director of the division of archives, records management, and history of the Department of State. In the absence of a formal retention schedule, public records shall be preserved for a period of at least three years from the date on which the public record was made. See La. R.S. 44:36.
 4. You have also asked us to review a proposed policy regarding your handling of public records.
Please allow me to begin by informing you that this office can neither create policy nor advise generally about policy considerations. In response to your question, we simply draw your attention to two statutes which address accident reports. LA. R.S. 32:397.1 currently mandates all law enforcement agencies to procure, from the office of motor vehicles, a form which is to be provided to all persons whose names appear in an accident report. This form will provide a method of stating that the person does not wish to be solicited by specific commercial businesses. The form is to be returned by the person and filed with the accident report. Once filed, La. R.S. 32:397.1 provides that the form becomes part of the public records and is binding on all businesses listed in the form.
La. R.S. 32:398(H) is also applicable to accident reports. La. R.S.32:398(H) lists certain parties who shall be given access to accident reports. These parties are specifically listed and include parties to the accident, parents or guardians of a minor who is a party to the accident, and insurers of any party which is the subject of the report, or to succession representatives of those parties, or to the attorneys of the parties or succession representatives, or to a news-gathering organization that requests documents related to the accident. La. R.S. 32:398(H) further Mr. states in pertinent part:
 All persons and their agents are prohibited from screening accident reports if the person or his agent does not represent any of the persons involved in a particular accident, the report for which could reasonably be expected to be available.
Although La. R.S. 32:398(H) prohibits all persons not representing parties involved in an accident from "screening" accident reports, it does not prohibit these uninterested persons from requesting specific accident reports. The custodian of records is required to comply with such specific requests.
With regard to the provisions entitled Initial Reports and Juvenile Records, please refer to the discussion under question two above pertaining to juvenile victims.
Should you have any further inquiries, please contact this office.
With kindest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________ M. Patricia Jones Assistant Attorney General